# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| PATRICK WEST, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:21-cv-00228-RK |
| | ) |
| MINACT, INC., | ) |
| | ) |
| Defendant. | ) |

## ORDER

Before the Court is Defendant's motion to dismiss Counts IV and V. (Doc. 25.) The motion is fully briefed. (Docs. 26, 27, 32.) After careful consideration and for the reasons set forth below, the motion is **DENIED.**

## I. Background

This case arises from Plaintiff's termination from employment with Defendant as a welding instructor in February 2020. In his Amended Complaint, filed on June 28, 2021, Plaintiff asserts five claims against Defendant: Count I – unlawful disparate treatment in violation of the Americans with Disabilities Act ("ADA"); Count II – unlawful disability discrimination in violation of the Missouri Human Rights Act ("MHRA"); Count III – unlawful retaliation in violation of the ADA; Count IV – unlawful retaliation in violation of the Family and Medical Leave Act ("FMLA"); and Count V – unlawful sex discrimination in violation of the MHRA. (Doc. 17.)

Plaintiff alleges he began working as a welding instructor for Defendant on September 11, 2017. (Doc. 17 at 3, ¶ 17.) Almost two years later, on August 12, 2019, Plaintiff was admitted to a local hospital after experiencing tightness in his chest. (*Id.* at ¶ 19.) Plaintiff has a history of coronary artery disease. (*Id.*) On August 16, 2019, Plaintiff underwent open heart surgery. (*Id.* at ¶ 20.) While hospitalized, Plaintiff was diagnosed with diabetes. (*Id.* at ¶ 21.) Plaintiff was granted short-term disability benefits and took FMLA leave from August 12, 2019, through September 27, 2019. (*Id.* at 4, ¶ 27; Doc. 27 at 1.) On September 27, 2019, Plaintiff's doctor signed a return-to-work certification stating that Plaintiff could return to work without restrictions on October 28, 2019. (*Id.* at ¶ 26.) Plaintiff returned to work on October 28. (*Id.* at ¶ 28.)

Plaintiff alleges almost four months later, on February 18, 2020, Defendant issued a termination letter stating Plaintiff's employment would end on February 20, 2020, due to Plaintiff sleeping on the job. (*Id.* at 5, ¶ 33.) The termination letter stated that Defendant had received a photograph of Plaintiff sleeping on the job. (*Id.* at ¶ 35.) Plaintiff acknowledges the picture exists and the photograph depicts him with his eyes and mouth closed with a drink and lunch bag in front of him. (*Id.* at ¶¶ 38, 39.) Plaintiff alleges, however, that at no point had he been sleeping on the job and the photograph cannot depict him sleeping on the job because he has sleep apnea and cannot sleep with his mouth closed. As a possible explanation for the photograph, Plaintiff also alleges that he recalls several instances when he struggled with low blood sugar and had to close his eyes while continuing to teach. (*Id.* at ¶¶ 34, 42). Plaintiff states several students wrote letters of support on his behalf, one of which contradicted the photograph. (*Id.* at 6, ¶ 45.) Plaintiff alleges Defendant did not investigate the photograph or ask Plaintiff about allegedly sleeping on the job before he was terminated, and Defendant did not follow its discipline policies prior to terminating him. (*Id.* at 5-6, ¶¶ 43-44.)

Finally, Plaintiff alleges that following his termination, Defendant hired a woman to fill his position and she (unlike Plaintiff) was not qualified for the position. (*Id.* at 6, ¶¶ 47-49.)

Defendant filed a motion to dismiss Plaintiff's Amended Complaint on July 23, 2021, seeking the dismissal of Counts IV and V of the complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. (Doc. 25.)

## II. Legal Standard

The federal pleading rules provide that a pleading must contain "a short and plain statement of the claim showing the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under Rule 12(b)(6), a defendant may challenge a pleading's legal sufficiency in a motion to dismiss. To survive a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim is facially plausible where the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Wilson v. Ark. Dep't. of Human Serv.*, 850 F.3d 368, 371 (8th Cir. 2017) (internal quotation marks and citation omitted). While a complaint does not need to include detailed factual allegations, the complaint must allege more than a sheer possibility that a defendant acted unlawfully to survive a motion to dismiss. *Id.*

2

at 371 (citation omitted). When considering a motion to dismiss for failure to state a claim, the well-pled allegations in the complaint must be accepted as true and construed in the light most favorable to the non-moving party. *Hafley v. Lohman*, 90 F.3d 264, 266 (8th Cir. 1996). Failure to allege an element of a claim (or specific facts demonstrating it) will result in its dismissal. *See Bell Atl. Corp.*, 500 U.S. at 555. However, at the pleading stage, the plaintiff is not required to plead facts sufficient to establish a prima facie case. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). "The prima facie standard is an evidentiary standard, not a pleading standard, and there is no need to set forth a detailed evidentiary proffer in a complaint." *Blomker v. Jewell*, 831 F.3d 1051, 1056 (8th Cir. 2016) (quoting *Swierkiewicz*, 534 U.S. at 512). "[E]lements of the prima facie case are [not] irrelevant to a plausibility determination in a discrimination suit," and these "elements are part of the background against which a plausibility determination should be made . . . the elements of a prima facie case may be used as a prism to shed light upon the plausibility of the claim." *Id.* (quoting *Swierkiewicz*, 534 U.S. at 512).

### III. Discussion

Defendant argues Count IV (unlawful retaliation in violation of FMLA) and Count V (unlawful sex discrimination in violation of MHRA) should be dismissed under Rule 12(b)(6) because Plaintiff has failed to plead sufficient facts and therefore Plaintiff has failed to state a claim.

#### A. Count IV – Unlawful Retaliation in Violation of FMLA

In Count IV, Plaintiff asserts a claim of unlawful retaliation under the FMLA. Plaintiff alleges Defendant terminated Plaintiff's employment "in response to" Plaintiff taking leave under FMLA. (Doc. 17 at 11, ¶ 97.) Specifically, Plaintiff alleges his taking leave under FMLA "played a role in and had a determinative influence on" his termination. (*Id.* at 12, ¶ 98.)

Generally, § 105 of the FMLA protects employees from "adverse action" by an employer because the employee has exercised their rights under FMLA. 28 U.S.C. § 2615(a)(1). To establish unlawful retaliation under the FMLA, a plaintiff must show (1) he engaged in a protected activity, (2) the employer took an adverse action against him, and (3) there was a causal connection between the adverse action and the protected activity. *Lissick v. Andersen Corp.*, 996 F.3d 876, 886 (8th Cir. 2021).

Defendant argues this claim should be dismissed because Plaintiff has failed to plead facts to show a causal connection between Plaintiff's FMLA leave and his termination. Although an

3

employee "may show the causal link based on the temporal relation of the protected activity and the adverse employment action," courts often "look for proximity in conjunction with other evidence." *Ebersole v. Novo Nordisk, Inc.*, 758 F.3d 917, 924 (8th Cir. 2014) (emphasis added); *see Sprenger v. Fed. Home Loan Bank of Des Moines*, 253 F.3d 1106, 1114 (8th Cir. 2001); *Whitney v. Franklin Gen. Hosp.*, 995 F. Supp. 2d 917, 934 (N.D. Iowa 2014) (applying a "temporal proximity plus" framework). This is especially true when proximity spans several months. *See Ebersole*, 758 F.3d at 926 (finding a seven-month gap too long to show a causal connection absent other evidence or something else to demonstrate a causal connection).

In the Amended Complaint, Plaintiff alleged he took FMLA leave from August 12, 2017, through September 27, 2019 (leave which was granted on October 9, 2019). Plaintiff states approximately four months after returning to work, he was terminated. Importantly, though, Plaintiff also alleges the stated reason for his termination (sleeping on the job) is only pretext. Plaintiff acknowledges that, as referenced in the termination letter, Defendant had a picture purporting to show Plaintiff sleeping on the job, depicting Plaintiff sitting with his eyes and mouth closed. Plaintiff then alleges, however, that he has never slept on the job and the picture does not show him sleeping on the job because his sleep apnea prevents him from sleeping with his mouth closed, as it was in the picture. Plaintiff suggests what is depicted might have been an episode of low blood sugar as he can recall instances when he suffered low blood sugar and momentarily closed his eyes while continuing to teach. Plaintiff also states a student had written a letter in support of Plaintiff that contradicts the photograph, which Defendant disregarded. Additionally, and more significantly, Plaintiff alleges Defendant did not follow its disciplinary policies, investigate whether Plaintiff was sleeping on the job, or contact Plaintiff about whether he was sleeping on the job prior to terminating him.

As the Eighth Circuit has explained, FMLA claims of retaliation may include less-than direct evidence, requiring a different framework of analysis:

> Absent direct evidence, an FMLA [retaliation] claim is analyzed under the burden shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). The employee must first establish a prima facie case, which creates a presumption of unlawful retaliation. The burden then shifts to the employer to articulate a legitimate, non-retaliatory reason for its action. If the employer meets this burden of production, the employee must then identify evidence sufficient to create a genuine issue of material fact whether the employer's proffered explanation is merely pretext for unlawful retaliation.

*Sisk v. Picture People, Inc.*, 669 F.3d 896, 889 (8th Cir. 2012) (citations and internal quotation marks omitted).

Under the well-established pleading standards, "a plaintiff need not plead facts establishing a prima facie case of [retaliation] under *McDonnell Douglas* in order to defeat a motion to dismiss." *Hager v. Ark. Dep't of Health*, 735 F.3d 1009, 1014 (8th Cir. 2013) (citing *Swierkiewicz*, 534 U.S. at 510-11). Rather, a plaintiff need only allege facts that, if true, plausibly establish a retaliation claim. In other words, to state a claim for FMLA retaliation, in relevant part, a plaintiff must set forth "allegations . . . [that] make it plausible that [his] 'exercise of FMLA rights played a part in the [employer]'s decision" to terminate him. *Mell v. Minn. State Ag. Soc'y*, No. 21-cv-1040 (ECT/KMM), 2021 WL 3862435, at * (D. Minn. Aug. 30, 2021) (quoting *Pulczinski v. Trinity Structural Towers, Inc.*, 691 F.3d 996, 1007 (8th Cir. 2012)). Plaintiff has done so here.

In contrast to the only argument Defendant raises in its motion to dismiss, Plaintiff does not rely wholly upon a temporal connection between his taking FMLA leave and subsequent termination to demonstrate causation. Rather, Plaintiff pleads facts that, if true, tend to show the reason given for his termination (sleeping on the job) was untrue and was merely pretext. *Cf. Williams v. Rightchoice Managed Care, Inc.*, No. 4:07CV01419 ERW, at *4-5 (E.D. Mo. March 7, 2008) (finding plaintiff failed to plead causal connection to support a claim for FMLA retaliation where plaintiff did not allege any facts to suggest the termination was because of her FMLA leave where (1) plaintiff pleaded she was terminated due to excessive tardiness and (2) reliance on the temporal connection between FMLA leave and her termination – approximately one month – alone was not enough). Given the liberal pleading standards governing the Court's review of the complaint at this early stage, the Court finds Plaintiff has alleged facts that if true state a claim for FMLA retaliation. Accordingly, Defendant's motion to dismiss Count IV is **DENIED**.

### B. Count V – Unlawful Sex Discrimination in Violation of MHRA

In Count V, Plaintiff asserts a claim of unlawful sex discrimination under the MHRA. Plaintiff alleges the Defendant "unlawfully and intentionally discriminated against Plaintiff based on his sex." (Doc. 17 at 13, ¶ 116.) Specifically, Plaintiff alleges his "sex was the motivating factor in Defendant's decision" to terminate him. (*Id.* at ¶ 117.)

Generally, the MHRA makes it an unlawful employment practice to discharge or otherwise discriminate against an employee "because of" the employee's sex. *See* § 213.055, RSMo. Section 213.010 defines "because of" in this context as meaning "the protected criterion was the motivating

5

factor" in the adverse action. § 213.010(2), RSMo.; *see also Braum v. AT&T Mobility Serv., LLC*, 564 S.W.3d 787, 794 (Mo. Ct. App. 2018) ("an employer violates the MHRA if the employee's protected status was the *motivating factor* in an adverse employment action") (citation omitted). Further, "the motivating factor" means "the employee's protected classification actually played a role in the adverse action or decision and had a determinative influence on the adverse decision or action." § 213.010(19), RSMo.

Generally, to establish a claim of unlawful sex discrimination under the MHRA, a plaintiff must show: "(1) he was a member of a protected class; (2) he was qualified to perform his job; (3) he suffered an adverse employment action; and (4) he was treated differently than similarly situated female employees." *Carter v. CSL Plasma, Inc.*, 63 F. Supp. 3d 1034, 1043 (W.D. Mo. 2014) (citing *Ressler v. Clay County*, 375 S.W.3d 132, 141 (Mo. Ct. App. 2012)). While a plaintiff may establish a claim under the MHRA by showing he was treated differently than similarly situated female employees, it is not the only way a plaintiff may do so, however. Rather, as this Court has recognized: "[U]nder the MHRA, [a plaintiff] is not necessarily required to demonstrate that defendant treated similarly-situated females differently; instead, he could make a submissible case by providing some other evidence giving rise to an inference of unlawful discrimination." *Id.* at 1045 (citing *Holmes v. Kansas City Mo. Bd. of Comm'rs*, 364 S.W.3d 615, 627 (Mo. Ct. App. 2012)); *see Hurt v. MFA Incorp.*, No. 20-cv-06106-SRB, 2021 WL 4139141, at *5 (W.D. Mo. Sept. 10, 2021); *Barney v. Truman Valley Health Care, Inc.*, No. 14-0468-CV-W-REL, 2014 WL 4055797, at *7 (W.D. Mo. Aug. 15, 2014) (noting that the fourth element "also can be met if the employee provides 'some other evidence that would give rise to an inference of unlawful discrimination'") (quoting *Ruppel v. City of Valley Park*, 318 S.W.3d 179, 184 (Mo. Ct. App. 2010)); *Lampley v. Mo. Comm'n on Human Rights*, 570 S.W.3d 16, 24 (Mo. 2019).

First, Defendant argues Plaintiff failed to plead facts to establish he is in a protected category. The Court disagrees. Plaintiff alleges he is male. Section 213.055 prohibits the termination of one's employment "because of such individual's . . . sex." § 213.055.1(1)(a); *see also R.M.A. by Appleberry v. Blue Springs R-IV Sch. Dist.*, 568 S.W.3d 420, 425 & 427 (Mo. 2019) (protected class in the context of MHRA claim based on discriminatory act or decision "on the grounds of . . . sex" includes a plaintiff who is male). Plaintiff's allegation that he is male is sufficient to plead he is a member of a protected class under the MHRA.

Second, Defendant argues Plaintiff failed to plead he was treated differently than any similarly situated female employees. But as noted above, a claim of unlawful discrimination under the MHRA may include evidence that gives rise to an inference of discrimination to establish the fourth factor. Here, Plaintiff alleges Defendant hired a woman to fill the position he had held, and the woman Defendant hired was less qualified for the position than Plaintiff. In addition, as reflected above, Plaintiff pled facts that, if true, tend to show the stated reason for his termination is untrue and is pretext. In the context of an age discrimination case, a plaintiff adequately pleads an MHRA claim to survive a motion to dismiss for failure to state a claim by alleging facts that support "an inference of unlawful discrimination," including that the employee "was replaced by a similarly situated but substantially younger employee." *Book v. Am. Fam. Mut. Ins. Co., S.I.*, No. 5:19-06076-CV-RK, 2019 WL 3363532, at *1-2 (W.D. Mo. July 25, 2019) (collecting cases). Here, Plaintiff pleads his sex was "the motivating factor" in his termination and he sets forth facts that he was replaced by a female (outside his protected class) who was less qualified for the position than Plaintiff. In addition, Plaintiff pleads facts showing the reason for his termination was merely pretext. This is sufficient at this early stage and under the liberal pleading standards, to plead a claim for sex discrimination under the MHRA. *Cf. Roach v. Vallen Safety Supply Co.*, 14 F. App'x 711, 712 (8th Cir. 2001) (plaintiff failed to plead facts creating an inference of discrimination when she alleged she was replaced by a female and the circumstances surrounding her termination did not otherwise raise an inference of gender discrimination).

Defendant makes no other argument challenging the sufficiency of Plaintiff's pleadings regarding his claim for unlawful sex discrimination under the MHRA. Taking the pleading as a whole, the Court finds Plaintiff has pleaded sufficient facts that, if taken as true, demonstrate more than a sheer possibility that Defendant violated the MHRA in that Plaintiff has pled facts that raise an inference of discrimination based on the circumstances surrounding his termination and the hiring of the woman who replaced him.[1] Accordingly, Defendant's motion to dismiss Count V is **DENIED**.

---

[1] Of course, to ultimately be successful in this claim, Plaintiff will have to establish facts that show and satisfy his burden to prove his sex "actually played a role" in his termination and his sex "had a determinative influence" on Defendant's decision to terminate him. At this early pleading stage, though, Plaintiff must only plead sufficient facts to state a plausible claim for relief. The Court finds he has done so. Plaintiff does not yet bear any more onerous burden of proof or persuasion at this point in the litigation.

## IV. Conclusion

Accordingly, after careful consideration of the parties' arguments and the record, Defendant's motion to dismiss Counts IV and V (Doc. 25) is **DENIED**.

**IT IS SO ORDERED.**

s/ Roseann A. Ketchmark  
ROSEANN A. KETCHMARK, JUDGE  
UNITED STATES DISTRICT COURT

DATED: September 30, 2021